**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN T. MOSS,
ADC #79311                                                                               PLAINTIFF

v.                          5:12-cv-00356-BSM-JTK

CORIZON, INC., et al.                                                      DEFENDANTS

**ORDER**

This matter is before the Court on Plaintiff's Motions for a Medical Examination and to Appoint an Expert (Doc. Nos. 22, 24). Defendants filed Responses in opposition to the Motions (Doc. Nos. 26, 27).

1)      Medical Examination (Doc. No. 22)

In support of his Motion for a medical examination, Plaintiff states an independent medical examination is necessary for him to prove that Defendants have acted with deliberate indifference by denying him drug treatment for Hepatitis C. Plaintiff refers to his pending Motion for Preliminary Injunctive Relief (Doc. No. 4), in which he asserted the same claims set forth in this Motion.[1]

Defendants object to Plaintiff's request, noting that he is re-arguing his Motion for Preliminary Injunctive Relief, and has not met his burden by showing that compelling circumstances require the appointment of an expert. United States Marshal Service v. Means, 741 F.2d 1053, 1059 (8th Cir. 1984). In addition, Defendants state that Plaintiff has not provided evidence to support his

---

[1] In the October 31, 2012 Proposed Findings and Recommendations, the Court recommended that Plaintiff's Motion for Preliminary Injunctive Relief be denied, based on a review of Plaintiff's medical records and a physician's affidavit stating that Plaintiff's liver function continues to be monitored and that a treatment regimen of anti-viral drugs could prove fatal to Plaintiff, based on his numerous other health conditions. (Doc. No. 12.)

1

allegation that he suffers from a physical injury as a result of Defendants' lack of treatment, and also is making a second attempt to obtain his desired medical care (the motion for preliminary injunction being the first.) Finally, Defendants note that FED.R.CIV.P. 35, which addresses the issue of compelled independent medical examinations, is designed for compelling the independent examination of an adverse party, and not for allowing a party to obtain an expert paid for by the Court, citing Green v. Branson, 108 F.3d 1296, 1304 (10th Cir. 1997).

The Court notes that a final ruling has not yet been rendered with respect to Plaintiff's Motion for Preliminary Injunctive Relief, and also that the parties have just now begun the discovery phase. In addition, the Federal Rules do not apply to this particular situation, where Plaintiff is asking for an independent examination of himself, and not an opposing party as set forth in Rule 35. Therefore, at this juncture, the Court finds that Plaintiff's Motion should be denied.

2) Independent Expert (Doc. No. 24)

In a related Motion, Plaintiff asks the Court to appoint an independent expert to examine him and testify concerning Plaintiff's need for additional Hepatis C treatment. Plaintiff again also takes issue with the evidence set forth by Defendants in response to his Motion for Preliminary Injunctive Relief. He claims that the medical conditions cited in Defendants' physician's affidavit in response to that Motion are "woefully inadequate" and inaccurate, and he denies suffering from the litany of ailments set forth in the affidavit. Plaintiff relies on FED.R.EVID. 706 in support of his Motion, which provides the Court with discretionary authority to appoint an expert witness.

Defendants also object to this request, stating that Plaintiff does not establish a compelling need for an expert, especially since he admits that he suffers from serious cardiac issues. In addition, Defendants state that Plaintiff fails to speculate as to what information an independent expert would provide to the Court to clarify the issues in this case. Defendants note that Plaintiff

is being treated for numerous medical conditions, and that his complaint is a disagreement over the type of treatment he is receiving, which does not support a constitutional claim.

The Court finds that Plaintiff's Motion should be denied without prejudice at this time, noting that a Scheduling Order is being issued on this same date, setting forth discovery and motions deadlines. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motions for Medical Examination and to Appoint an Expert (Doc. Nos. 22, 24) are DENIED without prejudice.

IT IS SO ORDERED this 5th day of December, 2012.

_____
JEROME T. KEARNEY
UNITED STATES MAGISTRATE JUDGE