**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN T. MOSS,                                                                                     PLAINTIFF
ADC #79311

v.                            5:12CV00356-BSM-JTK

CORIZON, INC., et al.                                                    DEFENDANTS

**ORDER**

      This matter is before the Court on Plaintiff's Motion to Compel (Doc. No. 56). Defendants filed a Response in opposition to the Motion (Doc. No. 60).

      In his Motion, Plaintiff asks the Court to order Defendants to provide him with a complete copy of his medical records. Plaintiff states that Defendants failed to abide by the Court's February 12, 2013 Order (Doc. No. 50) directing them to provide him with adequate time and access to review his medical records. Without such review, Plaintiff states he cannot meet his discovery obligation and fully respond to Defendants' interrogatories. Plaintiff also asks the Court to issue sanctions against Defendants, due to their failure to comply.

      In Response, Defendants provide the affidavit of Deborah York, the health services administrator for Corizon, Inc., at the Varner Unit where Plaintiff is currently incarcerated. She states that ADC policy directs inmates to submit a request for interview form to review their records, and permits them to review their medical records one time per month for a maximum of one hour, adding that inmates with pending litigation are permitted additional time for review. (Doc. No. 60-2, p. 1.) Pursuant to a request submitted by Plaintiff, Ms. York offered him an opportunity to review his medical records on January 15, 2013, which he refused, because he wanted another inmate to assist him. (Id. at p. 2.) The Varner Unit Warden denied Ms. York's request for permission to

1

allow another inmate to assist Plaintiff in his review, and Plaintiff reviewed his medical records for one hour on February 1, 2013. (Id.) Ms. York also states she offered Plaintiff the opportunity to review his medical records more than once per month, and pursuant to his request, ordered additional records for his review which had been saved electronically. (Id.) Those records were received on March 15, 2013, and Plaintiff has not submitted any additional requests to review his medical records. (Id.)

Defendants add in their Response that they have complied with the Court's February 12, 2013 Order, and they include a copy of a letter sent to the Varner Unit requesting that Plaintiff be provided with a more liberal review of his medical records. (Doc. No. 60-1.) They state that the Warden's decision to deny Plaintiff's request for an inmate to assist him is reasonable in light of institutional security concerns and the privacy afforded to medical records, and that Defendants have no control over the ADC's policy regarding medical records review. Furthermore, ADC policy prohibits inmates from receiving physical copies of their medical records; therefore, his Motion to compel and for sanctions should be denied.

Having reviewed the parties' submissions, the Court finds that Plaintiff's Motion should be denied. It appears that Defendants have complied with the Court's February 12, 2013 Order by notifying the Varner Unit of Plaintiff's need for extra time for medical records review. In addition, there is no evidence that the Varner Unit has denied him opportunities for review. Therefore, if Plaintiff wishes to review his medical records he should submit a request for interview as set forth by ADC policy. Accordingly,

IT IS, THEREFORE, ORDERED that Plaintiff's Motion to Compel (Doc. No. 56) is DENIED.

IT IS SO ORDERED this 26th day of March, 2013.

                                                            JEROME T. KEARNEY
                                                          UNITED STATES MAGISTRATE JUDGE