**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

JOHN T. MOSS,                                                              PLAINTIFF
ADC #79311

v.                                           5:12CV00356-BSM-JTK

CORIZON, INC., et al.                                                      DEFENDANTS

<u>ORDER</u>

        This matter is before the Court on Defendants' Motion to Clarify (Doc. No. 70), to which

Plaintiff has filed a Response (Doc. No. 71).

        In their Motion, Defendants ask the Court to clarify the directive issued in its February 12,

2013 Order (Doc. No. 50), directing them to provide Plaintiff with adequate time and access to

review his medical records.  Defendants state that they have provided Plaintiff access to all his

records since 2004, but that Plaintiff has been incarcerated since 1982, and appears to request access

to records dating back to that time.  Defendants note that Plaintiff's claims of deliberate indifference

are subject to a three-year statute of limitations, making any claims prior to September 11, 2009,

subject to dismissal as untimely.  Defendants also ask that the Court grant them an extension of time,

after ruling on the present motion, in which to respond to Plaintiff's April 3, 2013 Motion for

Reconsideration (Doc. No. 62).

        In his Response, Plaintiff states he requires access to all his medical records in order to

adequately prosecute his case against Defendants.  He wants to discover when "HCV" was detected

in test results and the results of blood tests thereafter, in order to prove he had a serious medical need

for prompt treatment (Doc. No. 71, p. 1). Plaintiff also asks that he personally be provided with a

copy of all his medical records.

1

Having reviewed Defendants' Motion, Plaintiff's Response, and the history of this litigation, the Court finds that Defendants' Motion for Clarification should be granted, and that the February 12, 2013 Order should be clarified to provide Plaintiff access to review his medical records from 2000 to the present. This Court initially limited Plaintiff's claims in this action to those involving his treatment for Hepatitis C (Doc. No. 33). In addition, in its response to a prior motion for preliminary injunctive relief, Defendants presented the affidavit of a Corizon official, Cynthia Fallhowe, who stated that she reviewed Plaintiff's medical records from 2000 to the present and found that Plaintiff was diagnosed with Hepatitis C in 2000 (Doc. No. 8-1). Therefore, based on those facts, the Court finds that Plaintiff should be entitled to review the records from 2000 to the present.[1] However, the Court also notes that Arkansas Department of Correction policy forbids inmates from physically possessing copies of their medical records. (Doc. No. 60-2, p.1.) Therefore, Plaintiff will not be permitted to receive actual copies of his records, but should be provided reasonable access to review the relevant records. Accordingly,

IT IS, THEREFORE, ORDERED that Defendants' Motion to Clarify (Doc. No. 70) is GRANTED. The February 12, 2013 Order of this Court is clarified to require Defendants to provide Plaintiff with meaningful access to review his medical records, from 2000 to the present, within the next twenty days.

IT IS FURTHER ORDERED that Defendants' request for additional time to respond to Plaintiff's Motion for Reconsideration (Doc. No. 70) is GRANTED. Defendants' Response shall be filed within fifteen days of the date of this Order.

---

[1]Despite this access, Plaintiff's current claims are limited by the three-year statute of limitations, as noted by Defendants in their Response.

2

IT IS SO ORDERED this 29th day of April, 2013.

_____
    JEROME T. KEARNEY
    UNITED STATES MAGISTRATE JUDGE